UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-20591-MOORE/Elfenbein

**ALBERTO ARMANDO MARTINEZ**,

    Petitioner,

v.

**UNITED STATES CITIZENSHIP
AND IMMIGRATION SERVICES**, *et al.*,

    Respondents.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court on the Parties' Joint Motion for Entry of Order (the "Motion"), ECF No. [7], and Petitioner Alberto Armando Martinez's ("Petitioner") Petition to Amend his Certificate of Naturalization (the "Petition"), ECF No. [1]. The Honorable K. Michael Moore has referred this matter to me "to take all necessary and proper action as required by law regarding all pre-trial, non-dispositive matters and for a Report and Recommendation on any dispositive matters." ECF No. [8]. Having reviewed the record and the relevant law, I respectfully **RECOMMEND** that the Motion, ECF No. [7], and Petition, ECF No. [1], be **GRANTED,** that judgment be entered in favor of Petitioner, and that the United States Citizenship and Immigration Services ("USCIS") be **ORDERED** to issue Petitioner an amended certificate of naturalization that reflects his true date of birth as explained below.

I.    **BACKGROUND**

Petitioner was born in Havana, Cuba, on February 2, 1954. *See* ECF No. [1-2] at 2-5. Petitioner entered the United States legally on November 11, 1961. *See id.* at 25-26. On the form documenting his entry into this country, Petitioner's date of birth is listed as February 2, 1954. *Id.*

In 1973, Petitioner applied to become a naturalized citizen of the United States. *See* ECF No. [1] at 4; ECF No. [1-2] at 31-32. Because Petitioner was not fluent in English at the time, his late cousin — Sonia Romero[1] — helped him complete the application. *See* ECF No. [1] at 4. When Ms. Romero was filling out the application for naturalization on Petitioner's behalf, she mistakenly listed February 4, 1954, as Petitioner's date of birth, instead of February 2, 1954. *See* ECF No. [1-2] at 31. As a result, Petitioner's certificate of naturalization incorrectly lists his date of birth as February 4, 1954, *see id.* at 7, which is not consistent with his Cuban birth certificate, social security records, and Medicare documents, *see* ECF No. [1] at 2. Petitioner now seeks to amend his certificate of naturalization over concerns that the informational inconsistencies between his various personal documents will interfere with his ability to collect social security benefits and complicate the distribution of his estate in the event of his death. *See id.* at 4-5. The Respondents do not object to the requested relief.

**II.     DISCUSSION**

In the Motion, the Parties jointly ask the Court to enter an Order granting the Petition, entering judgment in favor of Petitioner, and ordering USCIS to issue an amended certificate of naturalization correcting his date of birth. *See* ECF No. [7]. Before doing so, I examine whether the Court has jurisdiction to enter the requested order and whether the law supports the requested relief.

   **A.     The Court's Jurisdiction**

Before enacting the Immigration Act of 1990, Pub. L. No. 101–649 § 408, 104 Stat. 4978, "Congress vested the federal courts with '[e]xclusive jurisdiction to naturalize persons as citizens of the United States.'" *Collins v. U.S. Citizenship & Immigr. Servs.*, 820 F.3d 1096, 1099 (9th Cir.

---

[1] Ms. Romero was a witness to the examination of Petitioner's application for naturalization. *See* ECF No. [1-2] at 32.

2016) (alteration in original; quoting 8 U.S.C. § 1421(a) (1988)).  Consistent with this conferral of jurisdiction, Congress empowered federal courts to "correct, reopen, alter, modify, or vacate [their] judgment or decree naturalizing . . . person[s], during the term of such court or within the time prescribed by the rules of procedure or statutes governing the jurisdiction of the court to take such action."  *Id.* (alterations in original; quoting 8 U.S.C. § 1451(i) (1988)).  However, after the passage of the Immigration Act of 1990, Congress transferred the authority to naturalize persons as citizens and amend their certificates of naturalization to the Attorney General.  *See* 8 U.S.C. § 1421(a); 1449, 1451(h).  Still, the Immigration Act of 1990 has a broad savings clause that preserves the jurisdiction of the federal courts over certificates of naturalization issued prior to its passage.  *See Collins*, 820 F.3d at 1100.  Here, because Petitioner's certificate of naturalization was issued on December 5, 1973 — approximately 17 years before the passage of the Immigration Act of 1990, the Court has subject-matter jurisdiction to decide the Petition.  *See* ECF No. [1-2] at 7; *see also Garcia v. Rinehart*, No. 20-22265-CIV, 2020 WL 4043608, at *3 (S.D. Fla. July 17, 2020) ("[T]he Court concludes it has subject-matter jurisdiction over [petitioner's] certificate of naturalization, issued by this Court in 1969, through the savings clause of the Immigration Act of 1990 'and that the federal courts have jurisdiction to consider motions to amend such certificates in accordance with former 8 U.S.C. § 1451(i) (1988).'" (quoting *Collins*, 820 F.3d at 1098)).

      B.      **<u>The Merits of the Petition</u>**

Before the Court can order USCIS to issue an amended certificate of naturalization, a petitioner must make two showings.  First, a petitioner must "offer 'unequivocal evidence' of his true date of birth."  *Garcia*, 2020 WL 4043608, at *4 (alteration in original; quoting *Hussain v. U.S. Citizenship & Immigr. Servs.*, 541 F. Supp. 2d 1082, 1085 (D. Minn. 2008)).  Second, a

3

petitioner must show that the error he seeks to correct was not due to a fraudulent misrepresentation to immigration authorities.  *See id.*

On the first point, Petitioner offered clear evidence of his true date of birth when he provided the Court with his immigrant visa and alien registration form and his Cuban birth certificate with a corresponding certified translation — both of which list Petitioner's date of birth as February 2, 1954.  *See* ECF No. [1-2] at 2-3, 26.  As to the second, Petitioner has provided a convincing explanation for the mistake — that Ms. Romero made a good-faith transcribing error in completing Petitioner's application for naturalization.  *See* ECF No. [1] at 4.  There is no indication that the error was the product of a fraudulent misrepresentation to the immigration authorities.  I, therefore, find that Petitioner has demonstrated that the date of birth on his certificate of naturalization is incorrect and that a good-faith error caused this inaccuracy.  In light of these findings, the issuance of an amended certificate of naturalization is warranted.

### III.   CONCLUSION

For the foregoing reasons, I respectfully **RECOMMEND** that:

1. The Parties' Joint Motion for Entry of Order, **ECF No. [7]**, and Petitioner Alberto Armando Martinez's Petition to Amend his Certificate of Naturalization, **ECF No. [1]**, be **GRANTED**;

2. Judgment be entered in favor of Petitioner, Alberto Armando Martinez;

3. The United States Citizenship and Immigration Services be **ORDERED** to issue Petitioner an amended certificate of naturalization correcting his date of birth to **February 2, 1954**;

4. The Clerk of Court update its naturalization record with the Court's Order and the corrected date of birth; and

5. Each party bear its own fees and costs

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable K. Michael Moore, United States District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers in Miami, Florida on April 19, 2024.

_____
**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

cc:  All Counsel of Record